UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60686-CIV-ZLOCH

JEFFREY D. BIANCHI,

      Plaintiff,

vs.                            **FINAL ORDER OF DISMISSAL**

LAW OFFICES OF ANDREU, PALMA
& ANDREU, P.L., and CACH, LLC,

      Defendant.
_____/

      THIS MATTER is before the Court upon Defendant Law Office Of Andreu, Palma, & Andreu, P.L.'s Motion To Dismiss For Lack Of Jurisdiction (DE 23). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

      By the instant Motion (DE 23), Defendant Law Offices Of Andreu, Palma, & Andreu, P.L. asserts that the above-styled cause should be dismissed for lack of subject matter jurisdiction. Defendant asserts that it has offered to fully satisfy Plaintiff's FDCPA claims, rendering those claims moot and, in turn, divesting this Court of federal subject matter jurisdiction. In his Response (DE 30), Plaintiff Jeffrey D. Bianchi advises the Court that he has in fact accepted Defendant Law Offices Of Andreu, Palma, & Andreu, P.L.'s settlement offer, and it is his position that the instant Motion (DE 23) should be denied as moot. In their joint Reply (DE 31), however, Defendants Law Offices Of Andreu, Palma, & Andreu, P.L. and Cach, LLC assert that it is necessary for the Court to reach the merits of the instant Motion, as it relates to the

Court's subject matter jurisdiction and necessarily affects both named Defendants.

The Court notes that federal courts are courts of limited jurisdiction. The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005), citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799). Nevertheless, the exercise of jurisdiction is proper over claims to which the Court's jurisdiction would ordinarily not extend if they form part of the same case or controversy as "any civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a) (2006). Such original jurisdiction is proper over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331 (2006). "Whether a claim 'arises under' federal law is governed by whether the plaintiff's 'well-pleaded complaint' raises federal issues." Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 281 (11th Cir. 1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936) and Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908)).

In his Complaint (DE 1), Plaintiff asserted claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, pursuant to the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, and pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The basis for this Court's jurisdiction over said Complaint was 28 U.S.C. § 1331 as to the federal FDCPA claims and 28 U.S.C. § 1367 as to the FCCPA and TCPA claims. Section 1367 provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). It is clear that this Court had original jurisdiction over the federal claims asserted pursuant to the FDCPA. However, regardless of the number of violations proven, the maximum in statutory damages an individual can recover under the FDCPA is $1,000.00. 15 U.S.C. §1692(a)(2)(A); Harper v. Better Business Servs., Inc., 961 F.2d 1561, 1563 (11th Cir. 1992). And the Parties agree that Plaintiff has accepted Defendant Law Offices Of Andreu, Palma, & Andreu, P.L.'s settlement offer[1] exceeding the maximum recovery under the statute, $1,001.00 plus reasonable attorney's fees and costs, rendering the FDCPA claims in the above-styled cause moot. See Deposit Guaranty National Bank v. Roper, 445 U.S. 326 343-44 (1980); Greisz v. Household Bank (Ill.), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999) (explaining that an offer by a defendant to a plaintiff for more than her claim was worth "eliminates a legal dispute upon which federal jurisdiction can be based. . . . You cannot persist in suing after you've won."). As they are now moot, Plaintiff's FDCPA claims will be dismissed by the Court.

Notwithstanding the dismissal of these federal claims, the Court still has the authority to exercise supplemental jurisdiction

---

[1] It is the offer of maximum statutory damages itself, and not any subsequent acceptance, that moots the FDCPA claims. See MacKenzie v. Kindred Hosps. E., LLC, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003).

over the FCCPA and TCPA claims,[2] as they are so related to the federal claims in the instant action that they form part of the same case or controversy. 28 U.S.C. § 1367(a). However, under certain circumstances, it is proper for the Court to decline to exercise supplemental jurisdiction. The relevant statute provides, in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
>
> (3) the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. § 1367(c). Applying 28 U.S.C. § 1367(c)(3) to the instant facts, the Court declines to exercise supplemental jurisdiction over the Plaintiff's FCCPA and TCPA claims now that the Court has dismissed as moot all claims over which it had original jurisdiction. Therefore, the Court, pursuant to § 1367(c)(3), will exercise its discretion and dismiss the remaining FCCPA and TCPA claims set forth in the Complaint.[3]

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Law Office Of Andreu, Palma, & Andreu, P.L.'s Motion To Dismiss For Lack Of Jurisdiction (DE 23) be and the same

---

[2] The FCCPA is a Florida state law cause of action, and the TCPA, while a federal statute, confers exclusive jurisdiction over private actions upon state courts. See <u>Nicholson v. Hooters of Augusta</u>, 136 F.3d 1287, 1289 (11th Cir. 1988).

[3] The Court directs Plaintiff to 28 U.S.C. § 1367(d), which tolls the limitations period on claims asserted under § 1367(a) for thirty days, unless state law provides for a longer tolling period, so that the same may be refiled in state court.

is hereby **GRANTED**;

   2. Plaintiff's FDCPA claims are **DISMISSED** as they are moot;

   3. Plaintiff's FCCPA and TCPA claims be and the same are hereby **DISMISSED** without prejudice; and

   4. To the extent not otherwise disposed of herein, all pending Motions be and the same are hereby **DENIED** as moot.

   **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 19th day of November, 2010.

                                   WILLIAM J. ZLOCH
                                   United States District Judge

Copies furnished:

All Counsel of Record